UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404
          PAUL J. SIEGEL, ESQ. (PS2245)
**VIA ECF**

------------------------------------------------------------ X

PASCALE LEGAGNEUR,

                              Plaintiff,

          -against-

MEDICAL DEPOT, INC.
d/b/a DRIVE MEDICAL DESIGN
and MANUFACTURING,
RICHARD S. KOLODNY,
HARVEY P. DIAMOND,
JEFFREY SCHWARTZ
and DOUGLAS C. FRANCIS,

                              Defendants.

------------------------------------------------------------ X

Civil Action No. 06-CV-0518

Hurley, J.
Orenstein, M.J.

TO:   CHRISTOPHER BRENNAN (CB1585)
      ZIEGLER, ZIEGLER & ASSOCIATES LLP
      *ATTORNEYS FOR PLAINTIFF*
      570 Lexington Avenue, 44th Floor
      New York, New York 10022
      (516) 319-7600

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

          Defendants, sued herein as "MEDICAL DEPOT, INC. d/b/a DRIVE MEDICAL

DESIGN and MANUFACTURING, RICHARD S. KOLODNY, HARVEY P. DIAMOND,

JEFFREY SCHWARTZ and DOUGLAS C. FRANCIS", by and through their undersigned

counsel, hereby serve their Answer to the Complaint served by Plaintiff in this action and state as

follows:

## AS TO "NATURE OF CASE"

1.     Defendants deny the allegations contained in Paragraph "1" of the Complaint.

2.     Defendants deny the allegations contained in Paragraph "2" of the Complaint.

3.     Defendants deny the allegations contained in Paragraph "3" of the Complaint.

4.     Defendants deny the allegations contained in Paragraph "4" of the Complaint.

## AS TO "PARTIES"

5.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "5" of the Complaint, except admit that Plaintiff is female.

6.     Defendants deny the allegations contained in paragraph "6" of the Complaint, except admit that Defendant Drive is a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Nassau County, New York, and admit further that Defendant employs over 100 employees.

7.     Defendants admit the allegations contained in Paragraph "7" of the Complaint.

8.     Defendants admit the allegations contained in paragraph "8" of the Complaint.

9.     Defendants admit the allegations contained in paragraph "9" of the Complaint.

2

10.    Defendants admit the allegations contained in paragraph "10" of the Complaint for the period of time that Plaintiff was employed by Defendant Drive and otherwise deny said allegations.

### AS TO "JURISDICATION AND VENUE"

11.    Defendants deny the allegations contained in Paragraph "11" of the Complaint, except admit that this Court could have subject matter jurisdiction over duly and timely filed claims under Title VII.

12.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "12" of the Complaint.

### AS TO "VENUE"

13.    Defendants admit the allegations contained in paragraph "13" of the Complaint to the extent that Defendant Drive maintains offices and conducts business in this District, but otherwise deny said allegations and further deny that a claim has been stated over which jurisdiction and venue should be asserted.

### AS TO "FACTS RELEVANT TO ALL CLAIMS"
### AS TO THE ALLEGATIONS REGARDING
#### "Plaintiff's Hiring and Job Responsibilities at Drive"

14.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "14" of the Complaint.

15.    Defendants Drive and Kolodny admit, upon information and belief, the allegations contained in paragraph "15" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's title at or about the time of hire. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "15" of the Complaint.

16.    Defendants admit the allegations contained in paragraph "16" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff's title at or about the time of hire was "executive assistant". Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "16" of the Complaint.

17.    Defendants Drive and Kolodny admit the allegations contained in paragraph "17" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of whether Plaintiff's title at or about the time of hire was "executive assistant".    Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "17" of the Complaint.

18.    Defendants Drive and Kolodny deny the allegations contained in Paragraph "18" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "18" of the Complaint.

19.    Defendants Drive and Kolodny deny the allegations contained in Paragraph "19" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "19" of the Complaint.

20.    Defendants Drive, Diamond, Schwartz, Kolodny and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "20" of the Complaint.

21. Defendants Drive and Kolodny deny the allegations contained in Paragraph "21" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "21" of the Complaint.

22. Defendants Drive and Kolodny deny the allegations contained in Paragraph "22" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "22" of the Complaint.

23. Defendants Drive and Kolodny admit the allegations contained in paragraph "23" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "23" of the Complaint.

24. Since Plaintiff does not define what is meant by the phrase "regularly sent", Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "24" of the Complaint. Defendants otherwise deny said allegations.

### AS TO THE ALLEGATIONS THAT
#### "Plaintiff Begins to Experience Sexual Harassment at Drive"

25. Defendants Drive and Kolodny deny the allegations contained in Paragraph "25" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "25" of the Complaint.

26. Defendants Drive and Kolodny deny the allegations contained in Paragraph "26" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "26" of the Complaint.

27.     Defendants Drive and Kolodny deny the allegations contained in Paragraph "27" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "27" of the Complaint.

28.     Defendants Drive and Kolodny deny the allegations contained in Paragraph "28" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "28" of the Complaint.

## AS TO THE ALLEGATIONS REGARDING
### "Plaintiff Is Forced to Participate in a Cover Up of Sexual Harassment at Drive"

29.     Defendants Drive, Diamond, Schwartz, Kolodny and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "29" of the Complaint.

30.     Defendants Drive and Diamond deny the allegations contained in Paragraph "30" of the Complaint. Defendants Schwartz, Kolodny and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "30" of the Complaint.

31.     Defendants Drive, Diamond, Schwartz, Kolodny and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "31" of the Complaint.

32.     Defendants Drive and Diamond deny the allegations contained in Paragraph "32" of the Complaint. Defendants Schwartz, Kolodny and Francis deny knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "32" of the Complaint.

33. Defendants Drive, Diamond and Kolodny deny the allegations contained in Paragraph "33" of the Complaint. Defendants Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "33" of the Complaint.

34. Defendants deny the allegations contained in Paragraph "34" of the Complaint. Defendants Diamond, Schwartz, Kolodny and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "34" of the Complaint.

35. Defendants deny the allegations contained in Paragraph "35" of the Complaint. Defendants Diamond, Schwartz, Kolodny and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "35" of the Complaint.

### AS TO THE ALLEGATIONS RELATING TO "Plaintiff Experiences Further Sexual Harassment by Defendants, Including Further Receipt of Pornographic E-mails"

36. Defendants Drive and Kolodny deny the allegations contained in Paragraph "36" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "36" of the Complaint.

## AS TO THE ALLEGATIONS RELATING TO
### "Plaintiff's First Complaint Concerning Sexual Harassment"

37.    Defendants Drive and Kolodny deny the allegations contained in Paragraph "37" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "37" of the Complaint.

38.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "38" of the Complaint.

39.    Defendants Drive and Kolodny deny the allegations contained in Paragraph "39" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "39" of the Complaint.

40.    Defendants Drive and Kolodny deny the allegations contained in Paragraph "40" of the Complaint. Defendant Diamond, Francis and Schwartz deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "40" of the Complaint.

41.    Defendants Drive and Kolodny deny the allegations contained in Paragraph "41" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "41" of the Complaint.

42.    Defendants Drive and Kolodny deny the allegations contained in Paragraph "42" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "42" of the Complaint.

8

43. Defendants Drive and Kolodny deny the allegations contained in Paragraph "43" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "43" of the Complaint.

44. Defendants Drive and Kolodny deny the allegations contained in Paragraph "44" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "44" of the Complaint.

45. Defendants Drive and Kolodny deny the allegations contained in Paragraph "45" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "45" of the Complaint.

46. Defendants Drive and Kolodny deny the allegations contained in Paragraph "46" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "46" of the Complaint.

47. Defendants Drive and Kolodny deny the allegations contained in Paragraph "47" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "47" of the Complaint.

48. Defendants Drive and Diamond deny the allegations contained in Paragraph "48" of the Complaint. Defendants Schwartz, Kolodny and Francis deny knowledge

or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "48" of the Complaint.

49.     Defendants Drive and Francis deny the allegations contained in Paragraph "49" of the Complaint.   Defendants Diamond, Schwartz and Kolodny deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "49" of the Complaint.

50.     Defendants Drive and Francis deny the allegations contained in Paragraph "50" of the Complaint.   Defendants Diamond, Schwartz and Kolodny deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "50" of the Complaint.

51.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "51" of the Complaint.

52.     Defendants Drive, Diamond and Kolodny deny the allegations contained in Paragraph "52" of the Complaint.   Defendants Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "52" of the Complaint.

53.     Defendants Drive and Francis deny the allegations contained in Paragraph "53" of the Complaint.   Defendants Diamond, Schwartz and Kolodny deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "53" of the Complaint.

54.     Defendant Drive, Kolodny and Francis denies the allegations contained in Paragraph "54" of the Complaint.   Defendant Diamond and Schwartz denies knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "54" of the Complaint.

55.     Defendants Drive, Kolodny, Diamond and Francis deny the allegations contained in Paragraph "55" of the Complaint.  Defendant Schwartz denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "55" of the Complaint.

56.     Defendants Drive and Schwartz deny the allegations contained in Paragraph "56" of the Complaint.  Defendants Diamond, Kolodny and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "56" of the Complaint.

### AS TO THE ALLEGATIONS THAT "Plaintiff
### Complains of Sexual Harassment for the Second Time"

57.     Defendants Drive and Kolodny deny the allegations contained in Paragraph "57" of the Complaint.  Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "57" of the Complaint.

58.     Defendants Drive and Kolodny deny the allegations contained in Paragraph "58" of the Complaint.  Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "58" of the Complaint.

59.     Defendants Drive, Kolodny and Diamond deny the allegations contained in Paragraph "59" of the Complaint.  Defendants Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "59" of the Complaint.

60.     Defendants Drive, Kolodny and Diamond deny the allegations contained in Paragraph "60" of the Complaint.  Defendants Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "60" of the Complaint.

61.     Defendant Drive denies the allegations contained in Paragraph "61" of the Complaint.     Defendants Diamond, Schwartz, Kolodny and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "61" of the Complaint.

**AS TO THE ALLEGATIONS THAT "Plaintiff Suffers Retaliation for Complaining About Sexual Harassment"**

62.     Defendants Drive and Kolodny deny the allegations contained in Paragraph "62" of the Complaint.  Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "62" of the Complaint.

63.     Defendants Drive and Kolodny deny the allegations contained in Paragraph "63" of the Complaint.  Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "63" of the Complaint.

64.     Defendant Drive admits that a letter, dated April 20, 2005, was written to Plaintiff, respectfully refers to that letter which sets forth its content and otherwise denies Plaintiff's allegations.  Defendants Schwartz, Kolodny, Francis and Diamond deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "64" of the Complaint.

65.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "65" of the Complaint.

66.     Defendants Drive and Kolodny admits that a meeting was held with Plaintiff and otherwise all Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "66" of the Complaint.

67.     Defendants Drive and Kolodny deny the allegations contained in Paragraph "67" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "67" of the Complaint.

68.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "68" of the Complaint.

69.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "69" of the Complaint.

70.     Defendants Drive and Kolodny admit the allegation to the extent only that "Defendant Kolodny was and is an attorney admitted to practice law in the state of New York", and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "70" of the Complaint.     Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "70" of the Complaint.

71.     Defendants Drive and Kolodny deny the allegations contained in Paragraph "71" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "71" of the Complaint.

72.     Defendants Drive and Kolodny deny the allegations contained in Paragraph "72" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "72" of the Complaint.

73.     Defendants Drive and Kolodny deny the allegations contained in Paragraph "73" of the Complaint. Defendants Diamond, Schwartz and Francis deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph "73" of the Complaint.

74.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "74" of the Complaint.

75.     Defendants Drive, Diamond and Schwartz admit that Plaintiff was advised of her discharge by Defendant Diamond on June 17, 2005 and otherwise Defendants all deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph "75" of the Complaint.

## AS TO "A FIRST CAUSE OF ACTION AGAINST DEFENDANT DRIVE
## (Violation of Title VII)"

76.     Defendants repeat and incorporate by this reference all denials, admissions and other responses to the allegations contained in the paragraphs "1" through "75," as if said statements were repeated herein at length.

77.     Defendants deny the allegations contained in Paragraph "77" of the Complaint.

78.     Defendants deny the allegations contained in Paragraph "78" of the Complaint.

79.     Defendants deny the allegations contained in Paragraph "79" of the Complaint.

80.     Defendants deny the allegations contained in Paragraph "80" of the Complaint.

## AS TO "A SECOND CAUSE OF ACTION AGAINST DEFENDANT DRIVE
## (Violation of Title VII-Retaliation)"

81.     Defendants repeat and incorporate by this reference all denials, admissions and other responses to the allegations contained in the paragraphs "1" through "80," as if said statements were repeated herein at length.

82.     Defendants deny the allegations contained in Paragraph "82" of the Complaint.

83.     Defendants deny the allegations contained in Paragraph "83" of the Complaint.

84.     Defendants deny the allegations contained in Paragraph "84" of the Complaint.

## AS TO "A THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
## (Violation of State HRL)"

85.     Defendants repeat and incorporate by this reference all denials, admissions and other responses to the allegations contained in the paragraphs "1" through "84," as if said statements were repeated herein at length.

86.     Defendants deny the allegations contained in Paragraph "86" of the Complaint.

87.     Defendants deny the allegations contained in Paragraph "87" of the Complaint.

88.    Defendants deny the allegations contained in Paragraph "88" of the Complaint.

89.    Defendants deny the allegations contained in Paragraph "89" of the Complaint.

90.    Defendants deny the allegations contained in Paragraph "90" of the Complaint.

### AS TO "A FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS (Violation of State HRL-Retaliation)"

91.    Defendants repeat and incorporate by this reference all denials, admissions and other responses to the allegations contained in the paragraphs "1" through "90," as if said statements were repeated herein at length.

92.    Defendants deny the allegations contained in Paragraph "92" of the Complaint.

93.    Defendants deny the allegations contained in Paragraph "93" of the Complaint.

94.    Defendants deny the allegations contained in Paragraph "94" of the Complaint.

95.    Defendants deny the allegations contained in Paragraph "95" of the Complaint.

96.    Defendants deny the allegations contained in Paragraph "96" of the Complaint.

97.    Defendants deny the allegations contained in Paragraph "97" of the Complaint.

16

## AS TO PLAINTIFF'S "PRAYER FOR RELIEF"

98.   Defendants deny that Plaintiff is entitled to any of the relief sought in the Complaint, including, but not limited to, paragraphs (a) through (j), or any other relief.

## AS TO PLAINTIFF'S "DEMAND FOR TRIAL BY JURY"

99.   Defendants deny that Plaintiff has pleaded a cause of action upon which a trial should be held or upon which relief could be granted.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

100.   Plaintiff's Complaint should be dismissed for failure to state a cause of action upon which relief could be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

101.   To the extent Plaintiff has failed to make diligent and good faith efforts to mitigate her purported damages, any relief awarded upon her claim in this action must be dismissed or reduced, in whole or in part.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

102.   The Complaint and the claims for relief stated therein should be dismissed because Defendants, at all times, acted reasonably and in good faith toward Plaintiff, without regard to her gender and did not engage in unlawful harassment, retaliation, discrimination or other wrongdoing.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

103.   Even if it were shown that Plaintiff's gender or making of any complaint was the subject of any adverse personnel action, the same action(s) would have been taken with respect to Plaintiff without regard thereto and, as such, this Complaint should be dismissed for failure to state a claim upon which relief could be granted and/or any relief to Plaintiff should be limited or precluded.

17

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

104.    To the extent Plaintiff elected an administrative remedy under the New York Human Rights Law, she cannot assert any claim under that Law in this Court.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

105.    Plaintiff's claims should be dismissed to the extent that they are barred by applicable statutes of limitation.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

106.    The Court should not exercise subject matter, whether original, pendent or supplemental jurisdiction, over Plaintiff's non-federal claims and, consequently, should dismiss Plaintiff's non-federal claims for lack of subject matter jurisdiction.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

107.    Plaintiff's federal discrimination claims should be dismissed to the extent that they were not asserted explicitly in a timely filed administrative charge submitted to the U.S. Equal Employment Opportunity Commission or otherwise do not satisfy statutory or jurisdictional prerequisites to suit and/or Plaintiff failed to fulfill all jurisdictional or other prerequisites to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

108.    To the extent that Plaintiff engaged in acts of misconduct prior to, during or since cessation of her employment with Defendant Drive, which, if known, would have resulted in denial of employment to or termination of the employment of Plaintiff, any relief awarded to Plaintiff should be reduced, in whole or in part, because Plaintiff engaged in such misconduct whenever discovered.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

109.    To the extent that Plaintiff's claims are compensable under the New York Workers' Compensation Law, those claims are barred by the exclusive remedy provision of said Law.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

110.    The Complaint is barred, in whole or in part, because (a) Defendants exercised reasonable care to prevent and to correct promptly any harassing behavior or other discriminatory or retaliatory conduct; and, (b) Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendants or to avoid harm otherwise.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

111.    Since none of the individual Defendants was Plaintiff's employer, all claims against said individual Defendants should be dismissed under Title VII and otherwise.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

112.    Any claim for punitive damages or attorney's fees under The New York Human Rights Law should be dismissed because that Law does not provide any such remedy.

## AS AND FOR DEFENDANT'S FOURTEENTH AFFIRMATIVE DEFENSE

113.    Plaintiff's claims are barred, in whole or in part, by her consent to and participation in the actions she purportedly experienced.

## AS AND FOR DEFENDANT'S FIFTEENTH AFFIRMATIVE DEFENSE

114.    Plaintiff's claims for sexual harassment are barred and/or any recovery of damages is precluded because Defendant exercised reasonable care to prevent and correct promptly any alleged sexually harassing behavior.

## AS AND FOR DEFENDANT'S SIXTEENTH AFFIRMATIVE DEFENSE

115.   Plaintiff's claims for sexual harassment are barred and/or any recovery of damages is precluded because Plaintiff unreasonably failed to take advantage of Defendants' preventive or corrective opportunities or to avoid harm otherwise.

## AS AND FOR DEFENDANT'S SEVENTEENTH AFFIRMATIVE DEFENSE

116. If any of the individuals engaged in any of the conduct alleged in the Complaint, said conduct was taken outside the scope of their employment and not as an agent of Defendants.  As such, any liability cannot be imputed to Drive or any other Defendant.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

117. Defendants reserve the right to plead additional separate and affirmative defenses, which may be ascertained during the course of discovery in this action or otherwise.

**WHEREFORE**, Defendants request that the Court:

(a)   dismiss with prejudice Plaintiff's Complaint;

(b)   deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

(c)   award to Defendants reimbursement for the costs, and attorneys' fees incurred in the defense of this case; and,

20

(d)     grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       March 31, 2006

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Suite 410
Melville, New York 11747
(631) 247-0404

By:     *Paul Siegel*
        Paul J. Siegel (PS2245)

21

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of March 2006, Defendants' Answer To Plaintiff's Complaint was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon the following parties and participants:

CHRISTOPHER BRENNAN (CB1585)
ZIEGLER, ZIEGLER & ASSOCIATES LLP
*ATTORNEYS FOR PLAINTIFF*
570 Lexington Avenue, 44th Floor
New York, New York 10022
(516) 319-7600

*Paul Siegel*

Paul J. Siegel (PS2245)

I:\Clients\D\83624\PLEADINGS\Answer to Complaint.doc

22